**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-7290**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

AVERY MYRON LAWTON,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (CR-96-153)

———————

Submitted: November 24, 2003    Decided: December 23, 2003

———————

Before LUTTIG, TRAXLER, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Avery Myron Lawton, Appellant Pro Se. Laura P. Tayman, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Federal inmate Avery Myron Lawton appeals the district court's order dismissing a successive motion to vacate his conviction for lack of certification from this court as required in 28 U.S.C. § 2255. The district court correctly held that "a successive application may not be filed in the district court without authorization from the . . . court of appeals." In re Williams, 330 F.3d 277, 279 (4th Cir. 2003) (regarding a successive 28 U.S.C. § 2254 (2000) habeas corpus petition, 28 U.S.C. § 2244 (2000)). Therefore, we affirm the district court's dismissal of the motion.

In accordance with our decision in United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003), cert. denied, ___ U.S. ___, 72 U.S.L.W. 3309 (U.S. Nov. 3, 2003) (No. 03-6548), we construe Lawton's notice of appeal and informal brief on appeal as an application to file a successive § 2255 motion. Id. at 208.

To obtain authorization to file a successive § 2255 motion, a movant must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty. See 28 U.S.C. § 2244(b)(2) (2000). Lawton does not satisfy either of these conditions. Accordingly, we decline to authorize a second § 2255 motion. We affirm the order of the district court and deny Lawton's

2

implicit application for leave to file a second § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED